IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: ETHICON, INC.
PELVIC REPAIR SYSTEMS
PRODUCT LIABILITY LITIGATION    MDL No. 2327

───────────────────────────────────────────────

THIS DOCUMENT RELATES TO:

Cases Identified in the Exhibit
Attached Hereto

MEMORANDUM OPINION AND ORDER
(*Daubert* Motion re: Kimberly H. Allison, M.D.)

Pending before the court is the Motion to Exclude the General Causation Testimony of Kimberly H. Allison, M.D., [ECF No. 1990] filed by defendants Johnson & Johnson and Ethicon, Inc. (collectively "Ethicon"). The Motion is now ripe for consideration because briefing is complete.

Ethicon asks the court to exclude the testimony of Dr. Allison because she was allegedly not disclosed as a general causation expert and plaintiffs "refused to allow [Ethicon] to take a general causation deposition of Dr. Allison." Mem. 1 [ECF No. 1991]. In response, the plaintiffs explain that Dr. Allison was disclosed as a case-specific expert in a discrete list of cases. She does not purport to offer opinions relevant to other Wave 1 cases.

The distinction between general and specific causation experts is a procedural tool to aid in the streamlining of discovery and the filing of *Daubert* motions. Pursuant to Pretrial Order No. 234, *Daubert* motions on general causation issues only

were to be filed in the main MDL, whereas specific causation *Daubert* motions were to be filed in the individual member cases.[1] Because the plaintiffs represent that Dr. Allison is a specific causation expert, the *Daubert* motion challenging her testimony—which may necessarily include elements of general causation related to her specific causation opinions—should have been filed in the appropriate individual member cases and is not appropriately considered here.

Accordingly, the court **DENIES** the Motion to Exclude the General Causation Testimony of Kimberly H. Allison, M.D. [ECF No. 1990].

The court **DIRECTS** the Clerk to file a copy of this Memorandum Opinion and Order in 2:12-md-2327 and in the Ethicon Wave 1 cases identified in the Exhibit attached hereto.

ENTER: August 25, 2016

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

[1] The plaintiffs identified the Wave 1 cases affected by this Motion in their attached Exhibit A [ECF No. 2010-1], which the court has attached to this Memorandum Opinion and Order. At the time of transfer or remand, the parties will be required to designate relevant pleadings from MDL 2327, including the motion, supporting memorandum, response, reply, and exhibits referenced herein.

2

# EXHIBIT A

# LIST OF CASES TO WHICH MOTION TO EXCLUDE GENERAL CAUSATION TESTIMONY OF KIMBERLY H. ALLISON, M.D., APPLIES

*Daphne Barker, et al. v. Ethicon, Inc., et al.*, Civil Action No. 2:12-cv-00899

*Deborah Lynn Joplin v. Ethicon, Inc., et al.*, Civil Action No. 2:12 -cv -00787

*Patti Ann Phelps, et al. v. Ethicon, Inc., et al.*, Civil Action No. 2:12-cv-01171

*Maria Eugenia Quijano v. Ethicon, Inc., et al.*, Civil Action No. 2:12 -cv -00799

*Lisa Thompson, et al. v. Ethicon, Inc., et al.*, Civil Action No. 2:12-cv-01199